UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BETTY J. BIGELOW,

                        Plaintiff,        08-CV-6450T

             v.                       **DECISION
                                                 and ORDER**

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                        Defendant.
_____

## **INTRODUCTION**

Plaintiff Betty J. Bigelow ("Bigelow" or "Plaintiff") brings this action pursuant to Title II of the Social Security Act seeking review of the defendant's denial of her claim for spouse's insurance benefits. Specifically, Bigelow claims that the Commissioner of Social Security ("Commissioner" or "Defendant") improperly determined that she was not eligible for spousal benefits, and further erred in failing to reopen or reconsider her claim for benefits.

Defendant argues that he properly determined that Plaintiff is not entitled to spousal benefits because such benefits are offset by a pension to which Plaintiff is entitled and receives. The Commissioner further contends that he correctly declined to reopen Plaintiff's application on grounds that the doctrine of res judicata precludes reconsidering her claim for benefits. Accordingly, the Commissioner moves to dismiss Plaintiff's

Complaint pursuant to Rule 12(c) of the federal Rules of Civil Procedure ("Rule 12(c)").

Plaintiff contends that the Commissioner erred in finding that her spousal benefits were subject to an offset because of her pension, and claims that the Commissioner should have re-opened her case because she submitted new, material evidence in support of her claim for benefits. She claims that res judicata does not apply because the Commissioner constructively reopened her claim (thereby waiving the defense of res judicata) and because application of res judicata would violate her constitutional right to due process. Plaintiff cross-moves for judgment on the pleadings pursuant to Rule 12(c) seeking an Order reversing the Commissioner's decision and remanding the action back to the Commissioner for further proceedings.

For the reasons set forth below, I grant the Defendant's motion for judgment on the pleadings, and deny Plaintiff's cross-motion for judgment on the pleadings.

## BACKGROUND

On April 22, 1985, following the death of her husband, Plaintiff Betty J. Bigelow applied for Social Security survivor's benefits. Although she was initially awarded such benefits in full, the Social Security Administration ("SSA") later determined that Plaintiff's benefits were subject to an offset based on her receipt of a federal pension. (See SSA Letter of May 13, 1996,

Pl.'s Compl. ("Compl.") Attach. 2.)  In response to the SSA's determination, Bigelow requested a hearing before an administrative law judge ("ALJ") claiming that her spousal benefits were not subject to an offset.

On January 29, 1987, ALJ John P. Chwalek, without holding a hearing, found that Plaintiff's benefits were not subject to the offset based on her receipt of a pension.  Specifically, the ALJ found that because during the relevant period Plaintiff's contribution to her total household income was less than her husband's (i.e. less than 50%) the federal regulations requiring an offset of benefits based on the receipt of a federal pension did not apply.  See 20 C.F.R. §§ 404.408a and 404.366, (providing that spousal benefits are exempt from a pension offset if the spouse seeking benefits received at least one-half of his or her financial support from his or her spouse at the time the now-deceased spouse became entitled to Social Security benefits).  ALJ Chwalek concluded that Plaintiff met this one-half dependency exemption, and therefore was entitled to spousal benefits.  (See 1987 ALJ Decision, Compl. Attach. 3.)

Pursuant to 20 C.F.R. § 404.970(a)(2), the Social Security Appeals Council ("Appeals Council"), on its own motion, reviewed the ALJ's determination.  On July 2, 1987, the Appeals Council found that the ALJ committed an error of law in reaching his conclusion that the Plaintiff was exempt from the pension offset.

Specifically, the Appeals Council held that in determining whether or not a claimant qualifies for the one-half dependency exemption, the Commissioner is to determine not how much the claimant contributed to the household income generally, but instead is to determine how much the claimant contributed to the portion of the household income that supported the claimant individually. The Appeals Council noted that in a household of two people, one-half of the household income supports each person. In support of its holding, the Appeals Council concluded that a claimant must have contributed less than one half of the income needed to support herself individually (i.e. one-quarter of the total household income) in order to meet the one-half dependency exemption. The Appeals Council noted that although Plaintiff contributed less than fifty percent of the household income during the relevant period, she contributed far more than one-half of the income needed to support herself individually: an amount greater than one-quarter of the couple's income as a two-person household. Accordingly, the Appeals Council found that Plaintiff did not meet the one-half dependency exemption, and therefore, she was subject to a pension offset. (See 1987 Appeals Council Decision, Compl. Attach. 4.) Based on the amount of her pension relative to her potential survivor's benefits, the applicable offset eliminated Plaintiff's survivor's benefits altogether. (See 2007 Notice of

Reconsideration, Compl. Attach. 5.) Plaintiff did not seek judicial review of the Appeals Council's ruling.

Approximately 20 years later, on April 11, 2007, Plaintiff received a letter from the SSA informing her that the amount of her monthly survivor's insurance benefits had changed. The letter further informed her, however, that the pension offset remained applicable, and that as a result, she was still not eligible to receive survivor benefits.

Plaintiff sought reconsideration of the finding that the pension offset continued to render her ineligible for benefits, and appealed the Commissioner's determination and requested a hearing before an ALJ (See Request for Hearing by ALJ, Def.'s Ex. 4.). On February 26, 2008, ALJ Joseph G. Medicis, without holding a hearing, ruled that Plaintiff's benefits were not subject to a pension offset. (See 2008 ALJ Decision, Def.'s Ex. 5.) The Appeals Council subsequently notified Plaintiff that it planned to vacate the ALJ's decision, and dismiss her request for a hearing because res judicata prohibited the Commissioner from reconsidering Plaintiff's claim for benefits. See Notice of Appeals Council Action, Apr. 24, 2008, Def.'s Ex. 6.

In its final ruling, dated August 4, 2008, the Appeals Council held that Plaintiff's claim that she was exempted from the pension offset was barred by the doctrine of res judicata. Although finding that Plaintiff's claim was barred, the Appeals Council

nevertheless considered additional arguments and evidence offered by the Plaintiff. This evidence purported to establish that because she incurred extraordinary expenses in caring for her ailing mother from 1977-1980, Bigelow's contribution to the household income was in fact less than 25%, and therefore, she was exempt from the pension offset provision. (See 2008 Appeals Council Decision, Def.'s Ex. 7.) The Appeals Council, however, found that the evidence submitted by the Plaintiff did not "show how her own income for her support was diminished by the care she gave her mother." Id. Moreover, the Appeals Council noted that Plaintiff failed to submit corroborating evidence of her alleged expenses. Id. Because it did not find Plaintiff's additional evidence to be new or material, the Appeals Council dismissed Plaintiff's request for a hearing on grounds of res judicata. Id.

**DISCUSSION**

I. Jurisdiction

Federal District Court jurisdiction over Social Security cases is granted and limited by 42 U.S.C. § 405(g). Under section 405(g), the Court has jurisdiction over a "final decision" by the Commissioner "made after a hearing." Where the Commissioner, however, declines to reopen or reconsider a claimant's request for benefits on grounds that the doctrine of res judicata bars such reconsideration, such a determination is not considered a "final decision" under the Act, and therefore, courts are without

jurisdiction to hear an appeal from such a decision. Califano v. Sanders, 430 U.S. 99, 107-08 (1977)(Section 205(g) of the Social Security Act "cannot be read to authorize judicial review of alleged abuses of agency discretion in refusing to reopen claims for social security benefits); Amato v. Bowen, 739 F. Supp. 108, 110-111 (E.D.N.Y., 1990)(Commissioner's "refusal to reopen a prior claim for benefits is not a "final decision . . . made after a hearing" within the meaning of section 405(g)). See also Armant v. Astrue, 2009 WL 1106844, at *12 (E.D. La., April 22, 2009)("It is well established that when 'the Appeals Council vacates the ALJ's consideration of the merits and holds that the claim is barred on the ground of res judicata, a district court is without jurisdiction to review the agency's denial of a request to reopen.'" quoting Vaswani v. Barnhart, No. 05 Civ. 8539(DLC), 2007 WL 2412262, at *2 (S.D.N.Y., Aug.23, 2007)). The purpose of this limitation of jurisdiction is to "forestall repetitive or belated litigation of stale eligibility claims." Califano, 430 U.S. at 108.

   II. The Court Lacks Jurisdiction to Consider Plaintiff's
       Appeal

The Plaintiff argues that this court has jurisdiction to consider her appeal because in 2008, the ALJ reconsidered her claim; reversed the previous finding that she was subject to the pension offset; and awarded her benefits. According to Bigelow, the ALJ's actions resulted in a constructive reopening of her

claim, and therefore res judicata does not apply. See Gregory v. Bowen, 844 F.2d 664, 666 (9th Cir., 1988) (Commissioner's decision to consider merits of claimant's request for relief precludes SSA from invoking doctrine of res judicata to prohibit judicial review of Commissioner's determination). I find, however, that the Commissioner in the instant case did not reopen Plaintiff's claim, and therefore res judicata applies.

> A. The Commissioner Lacks Authority to Reconsider a Claim Adjudicated More than Four Years Ago.

As a matter of law, the Commissioner is incapable of reopening a claim that was adjudicated more than four years prior to a claimant's request to reopen. Pursuant to 20 C.F.R.§ 404.988(a) and § 404.988(b) respectively, a benefits determination by the Commissioner may be reopened for any reason within one year of the Commissioner's initial determination, or within four years of the initial determination upon a showing of good cause for reopening the case.[1] In the instant case, however, Plaintiff attempted to reopen her case approximately 20 years after the Commissioner made his decision that she was not entitled to benefits. Because this request was made long after the limitations period for requesting reopening of her claim expired, the Commissioner was without authority to reopen her case. See King v. Chater, 90 F.3d 323, 325

---

[1] Exceptions set forth in 20 C.F.R. § 404.988(c) which allow a claim to be opened at any time, including periods beyond four years, do not apply in this case.

(8th Cir., 1996)(Commissioner lacks authority under Social Security Act and Regulations to reopen claim more than four years after notice of initial determination).

> B. The Commissioner Did Not Re-open Plaintiff's Claim, and Therefore He Properly Invoked the Doctrine of Res Judicata to Bar Reconsideration of the Claim.

Plaintiff contends that the Commissioner constructively re-opened her case because the ALJ overturned the previous denial of benefits and considered the merits of her claim. The Appeals Council, however, may dismiss a claim on res judicata grounds even if the ALJ has reopened that claim and granted a hearing. See Harper v. Secretary of Health and Human Services, 978 F.2d 260, 264-65 (6th Cir., 1992); Vaswani v. Barnhard, 2007 WL 2412262 at *2 (S.D.N.Y., Aug. 23, 2007). Indeed, even if the Appeals Council considers the merits of a claimant's request for reconsideration, "where the discussion of the merits is followed by a specific conclusion that the claim is denied on res judicata grounds, the decision should not be interpreted as re-opening the claim and is therefore not reviewable" Krumpelman v. Heckler, 767 F.2d 586, 589 (9th Cir., 1985)(citing McGowen v. Harris, 666 F.2d 60, 66 (4th Cir., 1981)); Tobak v. Apfel, 195 F.3d 183 (3d Cir., 1999). In the instant case, even though the Appeals Council discussed Plaintiff's claim that new evidence supported a finding that she was entitled to spousal benefits, the Appeals Council specifically held that her claim was barred by res judicata. Accordingly, this

court is without jurisdiction to hear Plaintiff's appeal of that decision.

    C.   The Commissioner Properly Applied the Doctrine of Res Judicata

Plaintiff contends that the Appeals Council improperly determined that res judicata barred her claim, and that because res judicata does not apply, this court may consider the merits of her claim. While the Commissioner's decision to deny a claim on grounds of res judicata does not constitute a "final decision" that is reviewable by a district court under the Social Security Act, district courts do nevertheless retain jurisdiction to determine whether or not the Commissioner properly invoked the doctrine of res judicata in denying a claim. Tobak v. Apfel, 195 F.3d 183, 187 (3d Cir. 1999); McGowen v. Harris, 666 F.2d 60, 66 (4th Cir., 1981); Stellacci v. Barnhart, 2003 WL 22801554, at *5 (S.D.N.Y., Nov. 24, 2003); Amato v. Bowen, 739 F. Supp. 108, 111 (E.D.N.Y., 1990).[2] For the reasons that follow, I find that the Commissioner

---

[2] Some courts have held that absent a constitutional claim raised by the claimant, or a constructive reopening of the claimant's claim, a district court may not review the Commissioner's determination that the doctrine of res judicata bars a petitioner's claim. Parker v. Califano, 644 F.2d 1199, 1201-02 (6th Cir., 1981); Attia v. Barnhart, 306 F. Supp. 2d 895, 899-900 (D.S.D., 2004); Colon v. Secretary of Health and Human Services, 587 F. Supp. 502, 503 (D.P.R., 1984). I find, however, that because a district court has the inherent jurisdiction to determine its jurisdiction, the court is obligated to determine whether or not the Commissioner erred in invoking res judicata, when such a claim is raised by the Plaintiff. See United States v. United Mine Workers of America, 330 U.S. 258, 291 (1947); United States v. Haskins, 479 F.3d 955, 957 (8th Cir., 2007).

properly rejected Plaintiff's claim on grounds that it was barred by res judicata.

The Commissioner may properly invoke the doctrine of res judicata to a claim for social security benefits in cases where the claimant seeks to relitigate a claim that has already been adjudicated, and where the Plaintiff fails to produce any "new and material" evidence in support of the claim. Leviner v. Richardson, 443 F.2d 1338, 1343 (4th Cir., 1971); HALLEX I-2-4-40(J). New evidence is "evidence not in existence or available to the claimant at the time of the administrative proceeding." Sullivan v. Finkelstein, 496 U.S. 617, 626 (1990). Material evidence is evidence that affects the outcome of a case. See Tirado v. Bowen, 842 F.2d 595, 597 (2d Cir., 1988); Benko v. Schweiker, 551 F. Supp. 698, 702 (D.N.H., 1982); HALLEX I-3-3-6. In the instant case, I find that Plaintiff has failed to submit any new or material evidence in support of her claim for benefits.[3]

---

[3] What constitutes "new evidence" for purposes of determining whether or not res judicata applies is different than the concept of "new evidence" for purposes of adjudicating a claim for benefits at the administrative level. At the administrative level, "new evidence," when timely presented, is evidence that has not been considered previously during the administrative process. See 20 C.F.R. § 404.970(b) (allowing Appeals Council to consider as "new evidence" evidence that was not before the ALJ); 20 C.F.R. § 404.976 (Appeals Council required to consider as "new evidence" evidence that was not before the ALJ but which relates to the claimed period of benefits); Shrack v. Astrue, 608 F. Supp. 2d 297, 302 (D. Conn., 2009)("New evidence is any evidence that has not been considered previously during the administrative process").

Plaintiff seeks to introduce evidence that prior to applying for spousal benefits, she incurred extraordinary expenses in providing care for her mother, and that because much of her income went towards her mother's care, she did not contribute the threshold amount to her household income. Accordingly, she contends that she should not have been denied social security benefits. However, because this proposed evidence existed at the time of the original proceeding in 1987, and because Plaintiff was aware of this evidence at that time, the proposed evidence is not "new." Finkelstein, 496 U.S. at 626.

Nor is the evidence proposed by Plaintiff material to her claim. The regulations regarding whether or not a claimant is entitled to spousal benefits consider only a claimant's income, and the amount of income necessary to support herself. Accordingly, evidence that Plaintiff had extraordinary expenditures related to the care of her mother are not relevant to whether or not she provided more than 50% of the household income necessary for her own support.

### III. Plaintiff has failed to establish the violation of a Constitutional Right.

Finally, Plaintiff contends that the Commissioner's failure to hold a hearing on her claim violated her right under the Constitution of the United States to due process of law. It is well settled that a district court may review the Commissioner's decision to invoke res judicata where the claimant contends that

application of res judicata would result in the violation of his or her constitutional rights. Califano, 430 U.S. at 109. In this case, however, Plaintiff has failed to establish that any constitutional right was violated. Although Plaintiff contends that she was denied her right to a hearing with respect to her attempt to reopen her claim, the Commissioner is not required to hold a hearing before invoking res judicata to deny such a claim. Yeazel v. Apfel, 148 F.3d 910, 912 (8th Cir., 1998). Accordingly, Plaintiff has failed to state a claim for the violation of a constitutional right.

## **CONCLUSION**

For the reasons set forth above, I grant the Commissioner's motion for dismissal. Plaintiff's cross-motion for judgment on the pleadings is denied, and Plaintiff's complaint is dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED

                                s/Michael A. Telesca
                                MICHAEL A. TELESCA
                              United States District Judge

Dated: Rochester, New York
        July 6, 2009